UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| ADDIE HUTTER, <br><br> Plaintiff, <br><br> v. <br><br> ACCURATE RECOVERY SOLUTIONS, INC., <br><br> Defendant. | CIVIL COMPLAINT <br><br> CASE NO. 1:20-cv-01405 <br><br> DEMAND FOR JURY TRIAL |

## COMPLAINT

NOW COMES Plaintiff, ADDIE HUTTER ("Plaintiff"), by and through her attorneys, Consumer Law Partners, complaining as to the conduct of ACCURATE RECOVERY SOLUTIONS, INC. ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Central District of Illinois and a substantial portion of the events or omissions giving rise to the claims occurred within the Central District of Illinois.

**PARTIES**

4. Plaintiff is a disabled consumer over 18-years-of-age residing in Tazewell County, Illinois, which is located within the Central District of Illinois.

5. Defendant is a third-party debt collector organized under the laws of the state of New York. Defendant's principal place of business is located at 40 Daniel Street, Suite 4, Farmingdale, New York, 11735. Defendant regularly collects upon consumers across the country, including those within the state of Illinois.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

**FACTS SUPPORTING CAUSES OF ACTION**

7. The instant action arises out of Defendant's attempts to collect upon outstanding medical debt that Plaintiff alleged incurred with *Prometheus Laboratories Inc.* ("subject debt").

8. After the subject debt was purportedly in default, it was ultimately sold, transferred and/or assigned to Defendant for collection purposes.

9. On or about October 29, 2020, Defendant sent or caused to be sent to Plaintiff a collection letter seeking collection of the subject debt. *See* attached Exhibit A for a true and correct copy of Defendant's October 29, 2020 collection correspondence ("the collection letter").

10. Plaintiff was confused by the collection letter, as she had never heard of, or contracted, with, any entity named *Accurate Recovery Solutions, Inc.*

11. Moreover, the collection letter was sent using the name and letterhead of the original creditor, *Prometheus Laboratories,* in bold capital letters; and immediately beneath that name, the

collection letter sets forth a P.O. Box address that Plaintiff believed, based on the placement of this information, to correspond to *Prometheus Laboratories*.

12.  Because it appeared to Plaintiff that the collection letter had come from *Prometheus Laboratories,* she became confused as to Defendant's status and connection to the subject debt, as again, she had never heard of Defendant.

13.  Confused and concerned about Defendant's collection activity surrounding the subject debt, Plaintiff consulted her attorneys for clarification regarding her rights.

14. Defendant's collection letter was misleading and confusing to Plaintiff as it left her guessing as to whether the subject debt was owed to Defendant or whether it was merely being collected on by Defendant – confusion which is exacerbated by the fact that Plaintiff was unsure as to who actually sent the letter, as *Prometheus Laboratories, Inc.* appears in large, bold, capital letters at the very top of the collection letter.

15. Plaintiff's ability to go about intelligently addressing the subject debt was materially impeded by Defendant's collection letter given the letter's failure to provide substantive information designed to provide Plaintiff with sufficient information to go about addressing the debt serving as the basis of Defendant's collection efforts.

16.  Defendant's failure, in addition to confusing and misleading Plaintiff, similarly leaves the least-sophisticated consumer in doubt about to whom an alleged debt is owed and if Defendant's collection efforts are legitimate.

17. Defendant's failure to comply with the FDCPA posed a substantial risk of harm to Plaintiff's concrete interests under the statute, as it deprived Plaintiff of being able to determine the legitimacy and appropriateness of Defendant's collection efforts – an underlying interest which is at the core of the FDCPA.

18. After a reasonable time to conduct discovery, Plaintiff believes she can prove that all actions taken by Defendant as described in this Complaint, *supra*, were taken willfully and/or with knowledge that its actions were taken in violation of the law.

19. Due to Defendant's conduct, Plaintiff is entitled to statutory damages, punitive damages and all other appropriate measures to punish and deter Defendant and other debt collectors from engaging in the unlawful collection practices described in this Complaint, *supra*.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

20. Plaintiff repeats and realleges paragraphs 1 through 19 as though fully set forth herein.

21. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

22. Defendant is a debt collector, as defined by 15 U.S.C. § 1692a, because it is a person who uses any instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, and because it regularly use the mails and/or telephones to collect, or attempt to collect, directly or indirectly consumer delinquent debts owed or due or asserted to be owed or due another. Defendant identifies itself as a debt collector and has also been a member of the Association of Credit and Collection Professionals ("ACA") since 2019.[1]

23. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

   a. **Violations of FDCPA § 1692e**

24. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

25. In addition, this section enumerates specific violations, such as:

---

[1] http://www.acainternational.org/search#memberdirectory

"The false representation of . . . the character, amount, or legal status of any debt . . . ." 15 U.S.C. § 1692e(2)(A)

"The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

"The use of any business, company, or organization name other than the true name of the debt collector's business, company, or organization." 15 U.S.C. §1692e(14).

26. Defendant violated §§ 1692e, e(2), e(10), e(14) in using the name and letterhead of *Prometheus Laboratories, Inc.* in its collection letter. Defendant attempted to convey that its correspondence was being sent by the original creditor, whom Plaintiff had a relationship with, rather than Defendant, who is unknown to Plaintiff. Defendant engaged in this deceptive behavior in order to secure a more favorable opportunity at extracting payment from Plaintiff, as Plaintiff was more likely to pay an entity she was familiar with instead of Defendant, whom she has no contractual relationship with.

27. As an experienced debt collection agency, Defendant knows that, in communicating with a consumer, it is required to be truthful, complete and accurate as to what it represents in such communications, and to avoid deceiving or misleading the consumer.

28. Accordingly, Defendant knows that it cannot use the name or letterhead of the original creditor in such a manner as to create the false impression that the communication is being sent from the original creditor.

    **b.**    **Violations of FDCPA § 1692f**

29. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

30. Defendant violated §1692f by unfairly attempting to confuse Plaintiff through the structure of its collection letter. Defendant attempted to convey, through the use of the original creditor's

name in bold, capital letters, that the collection letter was being sent by the original creditor. Defendant purposefully structured its correspondence in this manner in order to lead Plaintiff to believe that she was paying the original creditor, with whom she had a contractual obligation, instead of Defendant, an entity that Plaintiff has never had any relationship with.

31. As set forth in paragraphs 13 through 19, *supra*, Plaintiff has been harmed as a result of Defendant's unlawful collection practices as described in this Complaint.

WHEREFORE, Plaintiff, ADDIE HUTTER, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

DATED this 18th day of November, 2020.     Respectfully Submitted,

*/s/ Taxiarchis Hatzidimitriadis*
Taxiarchis Hatzidimitriadis #6319225
David S. Klain #0066305
CONSUMER LAW PARTNERS, LLC
333 N. Michigan Ave., Suite 1300
Chicago, Illinois 60601
(267) 422-1000 (phone)
(267) 422-2000 (fax)
teddy@consumerlawpartners.com

*Attorneys for Plaintiff, Addie Hutter*